UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:25-CR-12-HAB |
| ) | |
| BRONSON CONRAD PHILLIPS ) | |

## OPINION AND ORDER

Defendant is charged with three counts of making a false statement to a licensed firearms dealer in violation of 18 U.S.C. § 922(a)(6). The indictment (ECF No. 1) alleges that he lied when he denied he was under indictment or information for a felony and that he was not a drug user/addict. Defendant now moves (ECF No. 20) to dismiss the indictment, arguing that, as applied, § 922(a)(6) is unconstitutional under *New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But, as Defendant recognizes, his argument runs headlong into *United States v. Holden*, 70 F.4th 1015 (7th Cir. 2023). Defendant has preserved his argument for appeal, but the motion is denied.

**I.      Factual Background**

The indictment charges that, three times in August 2024, Defendant made false statements to a licensed firearm dealer during firearm purchases. These statements were made on an ATF Form 4473. On each, Defendant answered "no" to questions asking: (1) whether he was under indictment or information for a felony; and (2) whether he was an unlawful user of, or addicted to, a depressant, stimulant, narcotic drug, or any other controlled substance. The Court assumes, based on the existence of the indictment, that there is some evidence that those answers were false.

## II. Legal Discussion

To keep from burying the lede, Defendant's motion must be denied under *Holden*. The thrust of his argument is that the statutes raising the questions on Form 4473, 18 U.S.C. § 922(g)(3) (criminalizing possession of a firearm by a drug user/addict) and § 922(n) (criminalizing possession of a firearm by an individual under indictment or information for a felony), are unconstitutional under *Bruen*. As a result, he argues, the questions are "constitutionally irrelevant" and not "material" under § 922(a)(6).

The Seventh Circuit rejected this argument in *Holden*. There, the Court reversed the dismissal of an indictment under § 922(a)(6) by another judge of this Court. The district court had adopted the argument Defendant advances here, finding that § 922(n) was unconstitutional under *Bruen* and therefore that a false statement implicating § 922(n) was not "material" under § 922(a)(6). The Seventh Circuit disagreed, finding that a statement is "material" under § 922(a)(6) if it would "have led the dealer to refuse to sell [the defendant] a gun." *Id*. at 1017. Because Defendant could not, allegedly, legally possess a firearm under §§ 922(g)(3) and (n), truthful answers by Defendant on Form 4473 would have resulted in a refusal to sell him a gun. His answers, then, were material.

Nor, the Seventh Circuit concluded, can Defendant challenge the constitutionality of §§ 922(g)(3) or (n) in this prosecution. Someone seeking to challenge the constitutionality of a statute underlying a Form 4473 question "must tell the truth and seek judicial relief on the ground that § 922(n) [or (g)(3)] would be invalid with respect to them, in particular." *Id*. at 1018. They could do so by filing "a declaratory-judgment action rather than tell a lie in an effort to evade detection that the sale would violate the statute." *Id*. at 1017. So, under *Holden*, even if Defendant is correct on the law, the indictment is still valid.

**III.     Conclusion**

For these reasons, Defendant's motion to dismiss (ECF No. 20) is DENIED.

SO ORDERED on June 10, 2025.

                                                  s/ *Holly A. Brady*
                                                  CHIEF JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT